Scileppi, J.
This action was brought to recover damages for personal injuries allegedly sustained as the result of defendant’s negligence.
Plaintiff was employed by Lucien Canee, a subcontractor engaged to install cesspools at homes being constructed in Smithtown, N. Y., by defendant Belt Associates, an owner and builder acting as its own general contractor. The schedule of work established by defendant called for the foundation to be laid by another subcontractor prior to the installation of each cesspool by Canee. Part of the foundation consisted of two concrete slabs, called “ cheeks ”, that extended out at right angles from the front of the foundation and were designed to support the front stoop of the house. Each cheek was 5 feet high and 8 inches wide and extended out 5 feet from the foundation wall. The cheeks were set parallel to each other 5 feet, *133 8 inches apart, but, unlike the foundation walls, rested on sand rather than on footings.
After the foundation and cheeks had been set and other work upon them such as waterproofing had been completed, they were backfilled so that the lower portions were buried in soil. About a month later, after work on the structure of the house had been done, Gance’s men, including plaintiff, came onto the construction site to install the cesspool. The work plan called for Gance to locate the cesspool 15 feet from the front foundation wall and to connect it to a 4-inch drainpipe which projected 1 or 2 feet from under the footing of the front foundation wall about a foot to the left of the left cheek. To accomplish this, Gance had to dig a trench about 6 feet deep immediately adjacent and parallel to the outside face of the left cheek to where the drainpipe emerged from under the footing. The trench was excavated to the necessary depth by means of a crane, and thereafter plaintiff went into the trench with a hand shovel to finish uncovering the drainpipe. Since the soil was sandy, and tended to slide into any excavation, the digging of the trench exposed the outside face of the left cheek. Consequently, the pressure of the backfill between the two cheeks, now that the counterbalancing pressure of the backfill on the other side had been removed, caused the cheek to break off the foundation wall and fall into the trench, injuring plaintiff. Four similar accidents, of which defendant was aware, had occurred previously during the installation of cesspools, although fortunately on those occasions no one was injured.
Plaintiff predicated defendant’s liability on two theories: (1) that defendant failed to provide him with a safe place to work (Labor Law, § 200) by scheduling the backfill operation before instead of after the installation of the cesspool, thus causing the collapse when Gance removed the backfill from one side of the cheek; and (2) defendant failed to brace or support the cheek when the counterbalancing backfill was removed. In connection with the latter theory, the court charged the jury in the language of rule 23-8.1 of the Industrial Code (12 NYCRR 23.8) promulgated by the Board of Standards and Appeals pursuant to subdivision 6 of former section 241 of the Labor Law as follows: ‘ ‘ Where there is any question of *134 stability of structures adjoining or over areas to be excavated, such structures shall be supported where necessary by underpinning, sheet piling, shoring, bracing or other means to prevent injury to any employee.”
The jury returned a verdict in favor of plaintiff, which the Appellate Division unanimously affirmed. We granted leave to appeal to consider the division of responsibility for safety precautions between subcontractors and general contractors, in light of the relevant statutes and previous pronouncements of this court.
The critical question to be determined here is who had the obligation to brace the cheek while the cesspool was being installed; all else follows from the answer to that question. If Canee had that responsibility, then clearly plaintiff’s second theory of liability would be defeated, since defendant could not be chargeable with the omission of a duty it was under no obligation to perform. So, too, plaintiff’s first theory of liability—that defendant failed to provide a safe place to work — could not be sustained. No evidence was introduced to show that the cheeks had been improperly constructed or that backfilling was other than good practice. Nor did the cheeks constitute a dangerous condition when Gance came onto the construction site — indeed, they were virtually immovable until Canee removed the backfill from one side.
Thus the case would fall within a well-recognized exception to defendant’s general duty to provide a safe place to work — that is, where the injury arises through the negligent acts of a subcontractor occurring as a detail of the work (Zucchelli v. City Constr. Co., 4 N Y 2d 52; Broderick v. Cauldwell-Wingate Co., 301 N. Y. 182; Wohlfron v. Brooklyn Edison Co., 238 App. Div. 463, affd. 263 N. Y. 547). And if Canee had the obligation to provide support for the cheek, defendant would not be required to alter its work schedule to protect Canee’s employees from Canee’s own defaults. No such secondary obligation devolves upon a general contractor even Avhen aware of dangers caused by a subcontractor’s plant, tools or methods (Gasper v. Ford Motor Co., 13 N Y 2d 104; Broderick v. Cauldwell-Wingate Co., 301 N. Y. 182, supra).
Rule 23-8.1, above quoted, is pertinent here, but not, as the trial court charged, as authority for plaintiff. What is involved *135 is the distinction between the responsibilities imposed by section 240 of the Labor Law on a “person employing or directing another to perform labor” and the obligations cast on “ contractors and owners ” under former section 241 of the Labor Law. We were confronted with this problem in Thomas v. New York City Housing Auth. (9 N Y 2d 625) and again in Conte v. Large Scale Development Corp. (10 N Y 2d 20), where it was held that the rules of the Board of Standards and Appeals, promulgated pursuant to subdivision 6 of former section 241 of the Labor Law, could not operate to shift the responsibility fixed on the employer by section 240 of the Labor Law to the owner or general contractor absent the assumption of control by the latter. We noted in Conte the difference between the nature of the obligations imposed on owners and general contractors by former section 241 to keep safe open common areas and those imposed by section 240 to safeguard areas created by them and intimately connected with their work. In conclusion, it was stated (10 N Y 2d, p. 29): “ Slight variations in surface levels, however, which arise as the soil is being dug out of the excavation, have to do with the immediate details of the job and their safe construction is rightly made the responsibility of the excavation subcontractor. Were an owner or general contractor to attempt to supervise such work facilities, it would result in a division of authority between the subcontractor and his superiors in an area of his particular competence which would be likely to cause confusion or unreasonably impede the progress of the job.”
It is apparent from the foregoing that the duty to brace or otherwise support the cheek during the course of Gance’s work in progress rested on Gance. It accordingly was error for the court to submit the case to the jury on the theory that defendant could be liable for its failure to provide the necessary support.
Plaintiff argues that the trial court did not charge that defendant’s liability could be based solely on the violation of rule 23-8.1 but merely allowed them to consider defendant’s failure to brace the cheek on the issue of whether defendant failed to provide plaintiff with a safe place to work. We do not think that the charge may be read so restrictively, but the result reached here is the same on either view. As has been *136 shown, it was Canee’s statutory duty to provide support for the cheek during the course of work in progress. Plaintiff’s argument would make this into a dual obligation shared by both defendant and Canee. Whatever additional protection seemingly might be afforded workmen by the imposition of dual responsibility for the assurance of safety precautions is not reflected in the statutory scheme enacted by the Legislature. The policy rather has been to protect employees on the job by avoiding confusion and division of authority. Uncertainty regarding the division of responsibility for safety precautions between subcontractors and general contractors not only produces litigation over accidents that have happened, but is probably a prime cause of their happening iii the first place.
In sum, then, it was Gance’s responbility to support the cheek during the installation operation. His failure so to do created the condition by which plaintiff was injured. No negligence may be attributed to defendant as a result of Gance’s default.
The judgment appealed from should be reversed and the complaint dismissed, with costs to appellant in all courts.