Memorandum. Decedent, a bricklayer, was injured fatally when bricks which his employer was placing on a floor above where he was working fell on him. He was building a wall and the bricks being placed were to be used as the wall went up. The open space which was to be filled in as the wall was constructed was not an area of common usage in the construction over which the owner retained control. Nor did the owner direct or control the work being done by decedent. The accident must be deemed to have been due to the manner in which decedent’s employer prosecuted the work and the negligence, if any, in its occurrence is not attributable to the owner; nor is the owner liable on the theory that it provided an unsafe place to work as the wall was being constructed (Wright v. Belt Assoc., 14 N Y 2d 129; Gasper v. Ford Motor Co., 13 N Y 2d 104; Broderick v. Cauldwell-Wingate Co., 301 N. Y. 182; Mullin v. Genesee County Elec. Light, Power & Gas Co., 202 N. Y. 275; Grant v. Rochester Gas & Elec. Corp., 20 A D 2d 48). The rule is succinctly summarized in Naso v. Wates & Co. (21 A D 2d 679, 680). The order should be reversed and the complaint dismissed without costs.
*850 Chief Judge Fuld and Judges Scileppi, Bergan, Breitel and Jasen concur. Judge Burke dissents and votes to affirm upon the ground that a question of fact was presented for the jury’s consideration.
Order reversed and complaint dismissed, without costs, in a memorandum.