ADELINO ROCHA et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 54574.)

Third Department, November 7, 1974.

*William E. Rosa* (*William F. McNulty* and *Anthony J. McNulty* of counsel), for appellant-respondent.

*Sergi & Fetell* (*Lester E. Fetell* and *Benjamin J. Sergi* of counsel), for respondents-appellants.

SWEENEY, J. Claimant, Adelino Rocha, age 29, sustained severe and disabling personal injuries on August 25, 1970 when he fell from a scaffolding, or "platform", as it was interchangeably referred to at the trial. On that date claimant was employed as a laborer by the Mount Vernon Construction Company, the contractor engaged by the State, as owner, to widen a bridge located in the Town of North Salem, Westchester County. To accomplish that objective, it became necessary to remove an existing concrete curbing. This was done by the application of jackhammers which chipped away the concrete, causing it to fall on a platform erected a few feet below the curbing on the bridge, thus preventing the material from striking automobiles passing on the roadway below the bridge. The platform was constructed by the contractor, and not by the State. On the day of the accident claimant had been directed by his foreman to stand upon the platform and remove the broken concrete therefrom. It was while he was so engaged that one of the wooden planks supporting the platform broke, apparently at a knot in the plank, causing the platform to collapse and claimant to fall to the roadway some 16 feet below.

This action was thereafter brought by claimant against the State to recover for the personal injuries sustained. His wife filed a derivative claim for loss of consortium. Claimants based their claims on a violation of section 240 of the Labor Law. There is no material factual dispute. The trial court awarded damages to both claimants and this appeal ensued.

In urging reversal, the State maintains that subdivision 1 of section 240 of the Labor Law does not impose a duty on an owner to provide safe scaffolding where the work is performed by an independent contractor. It further contends that the platform in question was not a scaffold within the meaning of section 240.

In first considering the latter contention, we are mindful that the purpose of the statute is to better protect workmen engaged in dangerous employments, and that the statute has been liberally construed by the courts to accomplish that beneficial purpose. (*Bohnhoff* v. *Fischer,* 210 N. Y. 172.) The trial court concluded that the platform where claimant was directed to work and through which he fell was, in fact, a scaffold within the purview of section 240 of the Labor Law. With this conclusion we agree. A scaffold has been defined in the Industrial Code as '' a temporary elevated working platform and its supporting structure including all components ''. (12 NYCRR 23–1.4 [b], [45].) The courts have described a platform as a temporary structure of material, timber or board, designed for various purposes, mainly for supporting a workman in his work and the materials used by him. (*Caddy* v. *Interborough R. T. Co.,* 195 N. Y. 415.) It is clear from a reading of the record that the platform in the instant case was an elevated temporary structure and claimant was directed to perform work on it. The record also reveals that other workmen walked on it and used it for working purposes. What constitutes a scaffold depends upon the facts and circumstances of each particular case. (*Caddy* v. *Interborough R. T. Co., supra*; see *Vicenty* v. *Davis,* 43 A D 2d 534.) In our view, it is fair and reasonable to conclude on this record that the platform was erected with a dual purpose in mind, i.e., to prevent falling concrete from striking vehicles on the roadway below and to provide a safe place for the workmen to stand. Under the circumstances, the trial court properly determined that the platform constituted a scaffold within the meaning of section 240.

As to the State's other contention, it is conceded that there would have been no liability against the State, as owner, prior to the 1969 amendment to section 240. Prior thereto, the statute imposed liability for its violation on '' A person employing or directing another to perform labor of any kind ''. As amended, it imposes liability on '' All contractors and owners and their agents.'' We find no case interpreting the statute as amended. Lacking prior decisions, it becomes necessary to analyze the history of article 10 of the Labor Law, and, specifically, subdivision 1 of section 240, in order to ascertain the legislative intent in enacting the amendment. A mere reading of the new language reveals the change to be a substantial one, for it imposes liability on a new category, i.e., an owner. Prior to the change, an owner was subject to liability only if he was also an employer or one directing the worker to perform his labor. Amended at

the same time as section 240 was section 241 of the Labor Law. (L. 1969, ch. 1108, §§ 1, 2, 3.) The opening words of both statutes are now identical. Liability was imposed on owners and contractors, however, under section 241 prior to the amendment. An owner was responsible under that section for safeguarding openings in floors and shaftways, among other things, a duty similar to that of protecting common walks and ways. (*Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20, 28.)

In considering an owner's liability under section 241-a prior to the 1969 amendment, the following language was used by the court in *Haskins* v. *City of New York* (28 A D 2d 656): "While section 240 of the Labor Law may not apply to an owner who engages an independent contractor to perform the work, section 241 does impose a nondelegable duty on owners". Considering liability under section 241-a, that court held, "The purpose of section 241-a being similar to that of section 241, the sections should be read *in pari materia*. Therefore, we conclude that section 241-a casts a nondelegable duty upon the city (the owner of the building) ". More recently, in a case involving a violation of section 241-a, this court affirmed a directed verdict in favor of plaintiffs against the owner of a building, holding that such section applied to the owner and that contributory negligence was not a defense. (*Horan* v. *Dormitory Auth.*, 43 A D 2d 65.) A study of the cases analyzing various sections of article 10 of the Labor Law compels us to conclude that it was the intent of the Legislature, in amending section 240 of the Labor Law, to impose a nondelegable duty on an owner, as such, in order to bring that section into line with sections 241 and 241-a where such duty already existed. Furthermore, the clear and unambiguous language of the amendment compels such a conclusion. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 301, subd. c.)

This conclusion is further bolstered when we consider the legislative history of the 1969 amendment by examining the memorandum submitted by the bill's authors (N. Y. Legis. Annual, 1969, pp. 407–408). It specifically states that the purpose of the bill was to place the responsibility for safety practices on the owner and general contractor, where it belongs. The memorandum further points out that the existing law permitted an owner to escape liability by engaging a subcontractor who may have been selected because of price, disregarding the subcontractor's safety measures. Such a practice, in our view, frustrated the purpose of the statute and this amendment was enacted to prevent it.

In summary, we conclude that the intended result of the 1969 amendment was to place the primary and nondelegable responsibility under section 240 on the owner and general contractor who have the means of protecting themselves financially and otherwise by agreements with those they hire. (See *Kelly* v. *Diesel Constr. Div. of Carl A. Morse, Inc.*, 35 N Y 2d 1.)

We have examined the other issues raised by both claimants and the State and find them unpersuasive.

The judgment should be affirmed, with costs.

HERLIHY, P. J., KANE, MAIN and REYNOLDS, JJ., concur.

Judgment affirmed, with costs.