■ RICHARD W. MYERS, as Administrator of the Estate of JAY B. MYERS, Deceased, Appellant, v. CORNELL UNIVERSITY, Defendant and Third-Party Plaintiff-Respondent. A. FREDERICK & SONS, Co., INC., Third-Party Defendant-Respondent.— Appeal from an order of the Supreme Court at Special Term, entered April 1, 1974 in Chemung County, which granted a motion by defendant, Cornell University, for summary judgment dismissing the complaint, and from the judgment entered thereon. On November 18, 1971 the plaintiff's intestate was employed by a general contractor (third-party defendant) engaged in the construction of a new building on premises owned by the defendant Cornell University. In the course of the construction, a retaining wall was partially removed and a trench along that area was dug. The plaintiff's intestate on the aforesaid day was working in the trench when an earthen embankment collapsed and caused his death. Among other things, the plaintiff has alleged that the area where the deceased was working had inadequate shoring and violated subdivision 6 of section 241 of the Labor Law. Special Term found that, upon the contested facts presented on the motion for summary judgment, the defendant Cornell University had no direct control over the performance of the work and that the area involved was not a common work area requiring protection and, accordingly, found no basis for liability pursuant to section 241 of the Labor Law. Upon the interpretation of sections 240 and 241 of the Labor Law as they existed prior to amendment by chapter 1108 of the Laws of 1969, the facts would not have permitted a finding of liability on the part of the defendant Cornell University as owner of the premises and Special Term's dismissal would have been proper. (See *Bidetto* v. *New York City Housing Auth.,* 25 N Y 2d 848; *Curtis* v. *State of New York* 23 N Y 2d 976; *Wright* v. *Belt Assoc.,* 14 N Y 2d 129.) However, the amendment of sections 240 and 241 of the Labor Law in 1969 has undermined the former interpretation which limited the nondelegable duty of the owner of premises and there is no basis for presently holding that a violation of the express provision of section 241 would not impose liability upon the owner. The imposition of a nondelegable duty on an owner for carrying out the mandate of section 241 of the Labor Law is well established

from the recent decisions of this court in *Horan* v. *Dormitory Auth.* (43 A D 2d 65) and *Rocha* v. *State of New York* (45 A D 2d 633). Order and judgment reversed, on the law and the facts, with costs, and complaint reinstated. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.