■ Mario Petrassi, Respondent, v Estate of Peter A. H. Jackson, Inc., et al., Appellants.—Judgment, Supreme Court, New York County, entered February 26, 1975, after a jury trial, in favor of plaintiff, unanimously reversed, on the law, and the complaint dismissed, without costs or disbursements. Plaintiff was employed by Civetta Contracting Co. and was engaged in assisting the pouring of concrete. He was injured when he fell into a portion of the excavation of the building then under construction. He had started a fire in a wheelbarrow in order to keep warm, but was told by his foreman to extinguish it. Plaintiff began walking the wheelbarrow out of the excavation area when the wind blew the flame towards his face, causing him to walk backwards. While walking backwards he fell into the excavation. At trial, the exact location of the accident was disputed, some testimony indicating that plaintiff fell in the general excavation pit, and other testimony indicating that he fell in the hole located between the concrete forms and the outer boundaries of the property. This latter hole existed in order to remove the forms after the poured concrete had hardened. In either event, the verdict in favor of the plaintiff cannot stand. The charge to the jury included reference to section 241 of the Labor Law which statute imposes liability upon owners or general contractors when there has been an assumption of control over the operations of the subcontractor *(Wright v Belt Assoc.,* 14 NY2d 129). However, control of the situs during the occurrence rested entirely with the subcontractor and was clearly a result of the methods used by the subcontractor to perform the work, since both the inner and outer excavations were necessary either for the pouring of the concrete or the subsequent removal of the concrete forms. There is therefore no basis for imposing liability upon the named defendants *(Ortiz v Uhl,* 33 NY2d 989; *Bidetto v New York City Housing Auth.,* 25 NY2d 848), and we have accordingly reversed the judgment and dismissed the complaint. Concur—Murphy, J. P., Lupiano, Capozzoli and Lane, JJ.