Memorandum Upon the proof submitted to the trial court the complaint was properly dismissed.
Section 241 of the Labor Law imposes a nondelegable duty on the general contractor or owner to provide a safe place to work. However, he is not responsible for injuries caused by the negligent acts of subcontractors when he—the owner or general contractor—has exercised no control or supervision of the work site. Under those circumstances there is no breach of the duty imposed by section 241 of the Labor Law. (Bidetto v New York City Housing Auth., 25 NY2d 848; Persichilli v Triborough Bridge & Tunnel Auth., 16 NY2d 136, 146; Wright *887 v Belt Assoc., 14 NY2d 129, 134; Hess v Bernheimer & Schwartz Brewing Co., 219 NY 415, 418-419.)
To hold otherwise would result in the owner or general contractor being made a guarantor of the safety of all workmen at the site despite the negligence of any subcontractor and even in the absence of control or supervision by the owner or general contractor.
Nor should our decision in Kelly v Diesel Constr. Div. of Carl A. Morse, Inc. (35 NY2d 1) be construed to require a contrary result. In Kelly the general contractor exercised general supervision and control of the work site and furnished, maintained and operated a personnel hoist which was the sole means of reaching various work areas.
In the instant case neither the owner nor the general contractor participated or in any way controlled the activity causing the injury.
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.