JOANNE M. DAWSON, as Administratrix of the Estate of Nicholas Aiello, Deceased, Respondent, v DIESEL CONSTRUCTION Co., Division of Carl A. Morse, Inc., Appellant, et al., Defendant. BEEKMAN DOWNTOWN HOSPITAL, Third-Party Plaintiff, v RISSIL CONSTRUCTION ASSOCIATES, INC., Third-Party Defendant.

First Department, April 6, 1976

*Douglas A. Boeckmann* of counsel *(Craig, Betlesky & Lockhart,* attorneys), for appellant.

*Abraham Shapiro* of counsel *(Weisman, Celler, Spett, Modlin & Wertheimer,* attorneys), for respondent.

MURPHY, J. P. Defendant Diesel Construction Co., Division of Carl A. Morse, Inc. (hereafter "Diesel"), appeals from a judgment in plaintiff's favor for the total sum of $199,739.83 on a verdict for $125,000 for wrongful death and $25,000 for pain and suffering, plus interest and costs. For the reasons hereinbelow stated we believe said judgment should be reversed and the complaint dismissed.

Decedent was employed by Rissil Construction Associates, Inc. ("Rissil") as a carpenter. Rissil was the subcontractor engaged by Diesel, the general contractor, to erect the reinforced concrete superstructure of a six-story addition to Beekman Downtown Hospital in lower Manhattan.

On August 16, 1968, plaintiff's decedent, Nicholas Aiello, walked out to a setback which formed the roofless second floor of the addition under construction and was struck on the head by a length of wood which fell from the floor above. He died seven days later as a result of the injuries sustained.

The accident was witnessed from the floor above by decedent's nephew, Roy MacGregor. Rissil employed Aiello and MacGregor, along with others, as carpenters to build forms into which concrete was poured to form the floors and columns of the structure. Once the concrete was formed, the wooden forms were stripped off and built again on each succeeding

floor. At the time of the accident the concrete had already been poured for the second and third floors and Rissil was then working on the fourth floor.

In order to move the lumber from one floor to another, the Rissil employees either passed it up through an opening such as an elevator or stairway shaft or stood on the edge of the floor and passed it up along the outside of the structure. A crane was also sometimes used to lift a load of wood from the edge of a floor to where it was needed.

Rissil had a construction shanty on the setback where the accident occurred, which its employees used to store clothing and tools. Although Rissil's carpenters were erecting forms on the fourth floor on the day of the accident, it appears that some of its men were still working on the second and third floors; and that no other trades were performing work in the area.

Plaintiff's theory at trial was that Diesel, as general contractor, was negligent in failing to provide barricades around the edge of the floors, where lumber was knowingly stored, and in failing to furnish safety hats to Rissil's employees.

Since there is no evidence in the record to support a finding that Diesel exercised any control or supervision of the work site, it owed no duty to decedent, a Rissil employee, either under the Labor Law (§§ 200, 241) or common law. *(Iuliani v Great Neck Sewer Dist.,* 38 NY2d 885; *Rusin v Jackson Hgts. Shopping Center,* 27 NY2d 103; *Bidetto v New York City Housing Auth.,* 25 NY2d 848; *Wright v Belt Assoc.,* 14 NY2d 129.)

Diesel's knowledge that Rissil stacked its lumber along the edge of the floor does not affect the well-recognized exception to a general contractor's duty to provide a safe place to work where, as here, the injury arises through the negligence of the subcontractor or one of its employees occurring as a detail of the work. *(Gasper v Ford Motor Co.,* 13 NY2d 104.)

Respondent's reliance on *Skibicki v Diesel Constr. Co.* (56 Misc 2d 955, affd 29 AD2d 1050) is misplaced. There the subcontract expressly contemplated that other trades would be working in the place where the plaintiff therein sustained his injury and the subcontractor had already relinquished control of such area.

Since we have concluded that the complaint should be dismissed, we find it unnecessary to reach the issue as to

whether the trial court erred in failing to give binding effect to a Workmen's Compensation Board decision that Josephine Aiello was not decedent's legal widow.

Accordingly, the judgment of Supreme Court, Bronx County (EGGERT, J.), entered March 21, 1975, should be reversed, on the law, and the complaint dismissed, without costs.

BIRNS, SILVERMAN, LANE and NUNEZ, JJ., concur.

Judgment, Supreme Court, Bronx County, entered on March 21, 1975, unanimously reversed, on the law, and vacated and the complaint dismissed, without costs and without disbursements.