BEVERLY J. ALLEN, as Administratrix of the Estate of Edward P. Allen, Jr., Deceased, Respondent, v CLOUTIER CONSTRUCTION CORP. et al., Appellants, and J. ELLROTT EXCAVATING CONTRACTOR, INC., Respondent.

Third Department, March 24, 1977

*Peter M. Pryor (Andrew F. Capoccia* of counsel), for Cloutier Construction Corp., appellant.

*Hesson, Ford, Sherwood & Whalen (Thomas Ford* of counsel), for Philip J. Sgarlata and another, appellants.

*Morris J. Bloomberg* for Beverly J. Allen, respondent.

*DeGraff, Foy, Conway & Holt-Harris (David F. Kunz* of counsel), for J. Ellrott Excavating Contractor, Inc., respondent.

MAHONEY, J. Defendants Philip and Patricia Sgarlata, owners of a lot in the Town of Colonie, contracted with Cloutier Construction Corp. (Cloutier) for the erection of a new home on their land. Cloutier hired Edward Allen to perform the plumbing and heating work which included the installation of sewer and water lines. Allen rented a backhoe and operator and on August 17, 1973 the walls of a trench which Allen had dug and in which he was working collapsed. Allen suffered injuries from which he died. His estate commenced actions for

wrongful death and conscious pain and suffering against the owners (Sgarlata), the contractor (Cloutier) and the lessor of the backhoe (Ellrott). Each defendant answered and cross-claimed against the other two named defendants. The Sgarlatas moved for summary judgment dismissing the complaint and the cross claims of Cloutier and Ellrott. Cloutier moved for summary judgment dismissing the complaint.

Since it is indisputably clear that the Sgarlatas, as owners, and Cloutier, as the contractor, did not exercise any control or supervision over the construction, the issue is whether the 1969 amendments to sections 240 and 241 of the Labor Law (L 1969, ch 1108, §§ 1, 2 and 3) imposed a nondelegable duty on owners and contractors in the absence of control and direction of the work being performed by subcontractors. This court in *Matter of Rocha v State of New York* (45 AD2d 633, mot for lv to app den 36 NY2d 642) and in *Myers v Cornell Univ.* (46 AD2d 839) held that the 1969 amendments imposed such a duty. The case of *Iuliani v Great Neck Sewer Dist.* (38 NY2d 885) is not to the contrary since the subject accident therein occurred prior to the effective date of the 1969 amendments. However, *Iuliani* did undermine to some extent the premise upon which this court based its conclusion that sections 240 and 241, as amended, imposed absolute liability on owners and contractors despite lack of control and supervision of the work site. That premise was that since prior to 1969 section 241 imposed liability in the absence of control, it must have been the legislative intent to impose similar liability under 240 by so amending both sections (240 and 241) so that they had to be read *in pari materia* (see *Matter of Rocha v State of New York, supra,* p 636). *Iuliani* instructs that prior to 1969 there was no liability as to a noncontrolling owner. Therefore, while *Iuliani* might be construed as having weakened our holding in *Rocha* and *Myers,* it cannot be regarded as authority for their reversal. This is evident by the more recent case of *Kappel v Fisher Bros., 6th Ave. Corp.* (39 NY2d 1039, 1040) wherein the Court of Appeals, while affirming the opinion of the Appellate Division (2d Dept) that an owner or general contractor could not be held to answer in damages under section 241 absent control, supervision or direction of the work, cautioned that since section 241 was amended in 1969, subsequent to the subject incident, "it may no longer be necessary to establish, as plaintiff was required and failed to do here, that the buidling owner and general contractor controlled, directed or

supervised the work." We do not interpret this cautionary comment by the Court of Appeals to mean that the holdings in *Rocha* and *Myers* will ultimately prevail, it being only necessary to note that there is an absence of final authority on this point. Therefore, Special Term was correct in denying both Sgarlatas' motion for summary judgment dismissing the complaint and Cloutier's motion for like relief.

The order should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, KANE and LARKIN, JJ., concur.

Order affirmed, without costs.