Nanette Dembitz, J.
The issue on this motion to set aside as a matter of law the verdict of $75,000, is the effect of the 1969 amendment to section 241 of the Labor Law on the liability of general contractors for injuries to construction workers. Plaintiff claims injury from an accident in 1971 during his work for a subcontractor concrete company on the construction of a building. Precluded by the Workmen’s Compensation Act from suing his employer, plaintiff sues the general contractor who cross-claims against the subcontractor-employer for indemnification.
The Court of Appeals states that as a result of the 1969 amendment of section 241 of the Labor Law "it may no longer be necessary to establish * * * that the * * * general contractor actively controlled, directed or supervised the work” of an injured workman in order to establish its liability to him. *912 (Kappel v Fisher Bros., 6th Ave. Corp., 39 NY2d 1039, 1040.) The Third Department, while now noting some uncertainty, had held that the 1969 amendment accomplished that result (Allen v Cloutier Constr. Corp., 56 AD2d 348, 350), while the Fourth Department came to a contrary decision (Tilkins v City of Niagara Falls, 52 AD2d 306, 311). Forced therefore to hazard a conclusion as to the ultimate ruling, it seems to this court that the law is unchanged in respect to the principle discussed by the Court of Appeals. Since the defendant general contractor can not be held liable under the control and direction requirement (in view of the evidence described in a separate opinion), the verdict is set aside and the complaints dismissed.[1]
HISTORY OF SECTION 241
The 1969 amendment to section 241 of the Labor Law restored it to substantially the same form it had had prior to 1962. Before the 1962 amendment, section 241 had provided that "all contractors and owners * * * shall comply” with five specific safety requirements as to planking of floors and guarding of elevators in buildings under construction, as well as with board rules for the protection of workmen. In 1962 the specific requirements were deleted, and section 241 emerged as a general provision for owners, contractors, and subcontractors "to provide reasonable and adequate protection and safety” for workers on construction projects and to obey board rules in regard thereto. The 1969 amendment re-enacted the five specific safety requirements of the pre-1962 law, plus a general duty subdivision incorporating section 241 as it had read from 1962 to 1969 (see subd [6]).[2] Plaintiff relies on subdivision (6), the specific requirements being irrelevant to his accident.
In construing the language of section 241 enacted in 1962, which now constitutes subdivision (6), the Court of Appeals held, as it had held under the pre-1962 law, that section 241 imposed no liability on the general contractor for injuries in work areas under the subcontractor’s control. (See, with regard to the pre-1962 law, Conte v Large Scale Dev. Corp., 10 *913 NY2d 20, 30; Rusin v Jackson Hgts. Shopping Center, 27 NY2d 103, 106; with regard to the 1962 amendment, Iuliani v Great Neck Sewer Dist., 38 NY2d 885 [1968 accident]; see also Dawson v Diesel Constr. Co., 51 AD2d 397.) That the Court of Appeals regarded the 1962 language-change as insignificant is dramatized by Bidetto v New York City Housing Auth. (25 NY2d 848, 849) which states in regard to a 1963 accident that the applicable "rule is succinctly summarized” as to the general contractor’s nonliability in Naso v Wates & Co. (21 AD2d 679, affd 15 NY2d 667), which involved a 1959 accident.[3]
Interpretation of section 241 in accordance with the Court of Appeals’ rulings on the same language in a prior form of the law, seems mandatory unless the legislative reports show clearly that the drafters had a contrary intent. However, while these reports indicate a purpose to increase the liability of the general contractor, the only aspect of the amendment clearly intended to accomplish this result is its re-enactment of the specific safety requirements that had been eliminated by the 1962 amendment. (NY Legis Ann 1969, pp 407-409.) Though the general contractor was held free of liability under the general duty subsection of the pre-1962 law unless he was in control of the work, he was liable per se for injuries if there was a violation of the speciñc requirements as to floor planking and elevators, regardless of his control; and contributory negligence was no defense. (Semanchuck v Fifth Ave. and 37th St. Corp., 290 NY 412, 418; Conte v Large Scale Dev. Corp., supra, 10 NY2d 20, 30; Corbett v Brown, 32 AD2d 27, 30-31.) The 1969 amendment should be interpreted, it seems to this court, as increasing the general contractor’s liability only by restoration of these important pre-1962 benefits. This interpretation will effectuate the legislative purpose without contradiction of the Court of Appeals’ rulings.[4]
POLICY CONSIDERATIONS
The effect of the determination of liability here, differs from *914 the usual one where "[T]he only question will be which insurance carriers will pay and how much.” (Kelly v Diesel Constr. Co., 35 NY2d 1, 6.) The instant issue is whether a workman will recover any benefits for a work-related injury, in effect payable by his employer, outside the workmen’s compensation system; for the defendant general contractor is here indemnified, as is customary in the instant type of case, by the subcontractor-employer. See Semanchuck and Kelly, (supra).
Workmen’s compensation was intended to be the sole remedy against the employer in covered employment; "the compensation statute was designed to provide a swift and sure source of benefits * * * The price for these secure benefits is the loss of the common-law tort action.” (O’Rourke v Long, 41 NY2d 219, 222.) While there is cause for dissatisfaction with the limitations on recovery in workmen’s compensation, it might also be said that construction workers should not have an advantage because of the contracting system over workers in other hazardous occupations. In any event, possible sympathy for plaintiffs’ efforts to recover a greater amount than would be received in workmen’s compensation has not swayed the courts to depart from established principles of liability, in order to permit "an indirect recovery by plaintiffs against the employer” (Klinger v Dudley, 41 NY2d 362, 370; see, also, Tilkins v City of Niagara Falls, supra, p 310).[5]
As to the effect on safety precautions, the ultimate liability in suits like the instant one of the employer-subcontractor, would affect the latter’s payments for insurance, and would give him an additional incentive for safety precautions (see Kelly v Diesel Constr. Div. of Carl A. Morse, Inc., 35 NY2d 1, 7, supra). While greater safety measures would be highly desirable, a lower court cannot infer from ambiguous legislative reports that a Legislature intended a fundamental change in the law in contradiction of Court of Appeals’ rulings.

. The case was submitted to the jury on the theory that the law had been changed, so that retrial would be unnecessary in the event it is so ruled on appeal.

. The 1969 language change to "all contractors and owners and their agents,” seems irrelevant to the instant problem and has been so viewed in the Appellate Division decisions cited supra.

. The judicial view of the chronological homogeneity of § 241 is also indicated by the fact that in a number of decisions applying the nonliability rule the year of the accident is not even specified. (E.g., Ortiz v Uhl, 39 AD2d 143; Petrassi v Estate of Peter A. H. Jackson, Inc., 50 AD2d 768.)

. Respectfully disagreeing with the Third Department, it must be noted that § 240, which at all times has imposed a specific requirement as to scaffolding, had until 1969 only applied to employers. The extension of § 240 in 1969 to contractors harmonized it with § 241, which had always covered contractors and imposed per se liability on them with respect to its specific requirements.

. Cf. Northeast Marine Terminal Co. v Caputo (432 US 249) as to Federal legislation restoring the exclusivity of the compensation remedy for longshoremen and "outlawing the employer’s indemnification of the shipowner.”