■ JEANETTE HAIMES, as Administratrix of the Estate of EDWARD HAIMES, Deceased, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent.—Appeal from a judgment of the Supreme Court in favor of defendant, entered December 3, 1976 in Sullivan County, upon a decision of the court at a Trial Term without a jury, which dismissed plaintiff's complaint. Plaintiff administratrix brought an action to recover damages for the wrongful death of decedent, Edward Haimes. The parties stipulated that the action be tried before the court on the issue of liability only. The court decided in favor of defendant and judgment dismissing the complaint was thereupon entered against the plaintiff. She appeals therefrom. On June 16, 1973, the decedent husband was engaged in performing certain painting work for the defendant telephone company when the ladder upon which he was standing fell propelling him to the ground and resulting in his death. The painting work was being performed on defendant's office building in Ellenville pursuant to a purchase order. Decedent was about 18 feet from the ground, on his own ladder, painting the cornice of the building, at the time of the accident. There was no securing device for the ladder. It was

undisputed that the ladder was being used in violation of the rules adopted by the Board of Standards and Appeals which is empowered to make rules to carry out the provisions of the Labor Law (12 NYCRR 23-1.21 [b] [4]). The trial court found upon the evidence presented that the decedent was an independent contractor and that the defendant-owner did not exercise any control or supervision over the performance of decedent's work. The trial court held that an owner or contractor is not liable under section 240 of the Labor Law where he has exercised no control or supervision of the work site. This was error in this case in view of the controlling decisions of this court *(Allen v Cloutier Constr. Corp.,* 56 AD2d 348; *Myers v Cornell Univ.,* 46 AD2d 839; *Matter of Rocha v State of New York,* 45 AD2d 633, mot for lv to app den 36 NY2d 642), where we held that the 1969 amendments to sections 240 and 241 of the Labor Law imposed a nondelegable duty on owners and contractors in the absence of control and direction of the work being performed by subcontractors. As noted in *Allen v Cloutier Constr. Corp. (supra); Iuliani v Great Neck Sewer Dist.* (38 NY2d 885) is not to the contrary. The judgment should be reversed; judgment should be entered in favor of the plaintiff-administratrix on the issue of liability and the matter should be remitted for further proceedings to assess damages. Judgment reversed, on the law and the facts, with costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.