■ ROBERT WHELEN et al., Respondents, v WARWICK VALLEY CIVIC AND SOCIAL CLUB, Appellant.—In an action pursuant to section 240 of the Labor Law to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Orange County, entered May 12, 1977, which is in favor of the plaintiffs, upon a jury verdict. Judgment reversed, on the law, with costs, and complaint dismissed. No fact questions were presented by this appeal. Plaintiff Robert Whelen is a prominent member of the defendant organization. He was seriously injured in a fall from a defective ladder while working voluntarily and without pay in the construction of a storage building on premises owned by the defendant. Plaintiff and his wife brought an action for personal injuries pursuant to section 240 of the Labor Law and the jury rendered a verdict in their favor. Defendant's motion to set aside the verdict was denied and judgment was entered. The only issue on this appeal is whether the plaintiff falls within the class of persons protected under subdivision 1 of section 240 of the Labor Law, as amended in 1969. We think not. Subdivision 1 of section 240 of the Labor Law reads as follows (the phrases excised in 1969 have been bracketed and the new language has been italicized): "1. [A person employing or directing another to perform labor of any kind] *All contractors and owners and their agents,* in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed [or directed]" (L 1969, ch 1108, § 1). The intent of the Legislature when it originally enacted this section was to provide for the safety of workmen who were forced to work under hazardous conditions and were not in a position to protect themselves. "Workmen * * * who ply their livelihoods on ladders and scaffolds, are scarcely in a position to protect themselves from accident. They usually have no choice but to work with the equipment at hand, though danger looms large. The legislature recognized this and, to guard against the known hazards of the occupation, required the employer to safeguard the workers from injury caused by faulty or inadequate equipment" *(Koenig v Patrick Constr. Corp.,* 298 NY 313, 318-319). The most important characteristic of the workmen protected by section 240 of the Labor Law was that they had "no choice" but to work in hazardous occupations. Accordingly, people who volunteered to engage in hazardous construction jobs were not protected (see, e.g., *Cann v Dening,* 216 NYS2d 164). When the Legislature amended section 240 in

1969, its stated intention was to place ultimate responsibility for safety practices at building construction jobs on the owner and general contractor. There is no indication that the Legislature sought to expand the class of persons protected by section 240 so as to include those who voluntarily choose to engage in hazardous construction activity without pay. " '*Labor Law, § 240; § 241, repeal, new.* This bill places ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor. The Labor Law was enacted for the sole purpose of protecting workmen. The courts have consistently held that the owner and general contractor have a non-delegable duty to provide a safe place to work for all workmen on the job. The owner and general contractor have the prime contract and interest in completing the work. They choose the subcontractors and coordinate the work and, in addition, have overall supervision of all the work. They are primarily responsible for the erection of the building. However, under the present interpretation of the law a subcontractor, because he is named in Sections 240 and 241 and even though his concern with the construction project may be quite limited, can relieve the owner or general contractor of liability for safe work practices merely by securing the basic workmen's compensation coverage. Under the present sections an owner and/or contractor would be inclined to choose a subcontractor predicated on price, disregarding the subcontractor's safety measures. This, of course, is dangerous to the welfare and health of the men working on the project and would defeat the original intent of the Labor Law. The owner and general contractor can protect themselves against liability caused by the subcontractor's carelessness by a contractual indemnification agreement which is commonplace. In other words, *the owner or general contractor would have an undelegable duty to the workmen* and could be indemnified contractually by the subcontractor for any violation that the subcontractor may cause. The bill restores to the owner and general contractor the responsibility, where it properly belongs, in their selection of subcontractors and in the progress of the work in regard to the safety of all men on the job * * * *These laws were supposed to be enacted specifically for the protection of these workers.'* (Emphasis added.)" (NY Legis Ann, 1969, p 407, as cited in *Rocha v State of New York,* 77 Misc 2d 290, 297, affd 45 AD2d 633, mot for lv to app den 36 NY2d 642.) In accordance with this stated intention, appellate courts which have interpreted section 240, as amended, have stated that the section imposes a nondelegable duty upon owners and general contractors (see, e.g., *Haimes v New York Tel. Co.,* 59 AD2d 813; *Rocha v State of New York,* 45 AD2d 633, *supra)* and that it creates a "flat" and "unvarying duty" on the part of the owner to protect those persons within the class from a definable hazard which they themselves are incapable of avoiding *(Yearke v Zarcone,* 57 AD2d 457, 459). These decisions have not expanded the scope of the class of persons protected by section 240 of the Labor Law; the *Yearke* case expressly held that a person who voluntarily renders casual assistance to a friend or neighbor in a construction job around his home is not protected. In the absence of signals from the Legislature we will not judicially supply a provision broadening the class of persons protected by section 240 of the Labor Law so as to include volunteers (see McKinney's Cons Laws of NY, Book 1, Statutes, § 74). Had the Legislature intended to so expand the class it would have done so expressly. Suozzi, J. P., Cohalan, Margett and Hawkins, JJ., concur. [89 Misc 2d 577.]