OPINION OF THE COURT
Gerard E. Delaney, J.
Defendants (also second third-party plaintiffs) Yudel Kahan and Leah Kahan, seek leave of the court to serve an amended answer which asserts a counterclaim for indemnification and/or contribution from plaintiffs.
On June 18, 1981, plaintiff, Alan Crawford, Jr., was allegedly injured while working on a scaffold he had erected in order to do work on premises allegedly owned by defendants, Kahan and Monfield Homes, Inc., in the Vil *927 lage of Kiryas Joel in Orange County, New York. As a result of injuries sustained, plaintiff sued defendants in negligence under subdivision 1 of section 200 and subdivision 6 of section 241 of the Labor Law which are but “reiteration[s] of common-law standards” in which comparative negligence is a defense to actions based upon an alleged dereliction of duty (Long v Forest-Fehlhaber, 55 NY2d 154, 160; cf. Monroe v City of New York, 67 AD2d 89, 102), and which sections do not thus impose “‘absolute liability’ ”. (55 NY2d, at p 159.)
Plaintiffs’ complaint also alleges a violation of subdivision 1 of section 240 of the Labor Law. This section places the responsibility of the safety of all the working men on the job on the owner and contractor and their agents. Such is a nondelegable duty to protect the workmen from a definable hazard which the workmen themselves are incapable of avoiding. (Whelen v Warwick Val. Civic & Social Club, 63 AD2d 646, 647, affd 47 NY2d 970.) It matters not whether the worker was the employee of the contractor, the owner or their agents, he is covered under this section. (47 NY2d, at p 971; see, also, Haimes v New York Tel. Co., 46 NY2d 132, 137.) Such statute is one of absolute liability as long as is further found that there was a breach of the statute and such breach was the proximate cause of the injury (Duda v Rouse Constr. Corp., 32 NY2d 405, 410 [There is a cause of action by plaintiff’s wife for loss of consortium and services which is not germane to the issues.]).
Testimony at a pretrial deposition of plaintiff indicated that he and one “Buddy” Owen had set up the scaffolding at the premises; that Owen was not employed by plaintiff but was merely “helping” him out, although the profits from the job were split between the two men. In order to get the job, plaintiff submitted a contract proposal to one Herman Leimzider (another defendant and third-party plaintiff), the general contractor, who then hired defendant as subcontractor to do the work on defendant Kahan’s premises. Defendants Kahan seek the amendment for the counterclaim of indemnification against plaintiff himself who it is claimed was also a contractor or agent thereof who himself exercised control of the job site in question, *928 therefore himself coming under the mandate of sections 240 and 241 of the Labor Law.
Plaintiffs assert that defendants may not counterclaim for indemnification under subdivision 1 of section 240 and subdivision 6 of section 241 of the Labor Law because CPLR 1411 states in substance that contributory negligence and assumption of the risk are affirmative defenses (CPLR 1412) which should be pleaded in order to comparatively share such liability if negligence, etc., is found on the part of plaintiff. However, as noted supra, subdivision 1 of section 240 of the Labor Law is one of absolute liability and not of negligence, therefore, such argument initially appears to be applicable only to subdivision 6 of section 241 of the Labor Law.
The real issue revolves around what status plaintiff had while on the job: plaintiff terms himself an “individual” employee of the general contractor, Leimzider, and an independent contractor and an independent single working man; defendants term plaintiff as acting in two roles: that of workman and that of contractor and/or agent of defendant, Leimzider. The following language is appropriate: “Although section * * * 240 * * * now make[s] nondelegable the duty of an owner or general contractor to conform to the requirements of [this] section * * * the duties themselves may in fact be delegated * * * When the work giving rise to these duties has been delegated to a third party, that third party then obtains the concomitant authority to supervise and control that work and becomes a statutory ‘agent’ of the owner or general contractor.” (Russia v Picciano & Son, 54 NY2d 311, 317-318.) The owner and general contractor are not “insurer[s]” for those workers for whom they retain no ability to “direct, supervise [or] control.” (Supra, p 318.)
It is clear from the above that plaintiff was the agent of the general contractor, Leimzider, for the purposes of the direction, supervision and control of all activities at the subject premises for the installation of the siding and insulation. (Compare Larabee v Triangle Steel, 86 AD2d 289, 292.) While if plaintiff is viewed merely as a workman, fault would play no part in a determination under section 240 of the Labor Law, this court respectfully dis *929 agrees with the dicta of the Appellate Division, Third Department, in Horning v Gore (87 AD2d 34, 36), wherein it was implied that dual roles of workers would not be recognized unless a plaintiff was also conducting his business in a “corporate form”. It seems obvious that one may be an “agent” under the Labor Law (cf. Russin v Picciano & Son, supra) and not be incorporated. By analogy if it had been the “helper” Owen, who had been injured on the job thére would be no doubt that plaintiff could not avoid his responsibility of “direction, supervision and control” as agent of the general contractor by claiming that he was merely a “worker” also and, therefore, not responsible for such injuries.
The motion to amend the answer by defendants Kahan is denied insofar as it relates to subdivision 6 of section 241 of the Labor Law, however, to the extent that defendants seek to amend for indemnification, etc., under subdivision 1 of section 240 of the Labor Law such motion is granted. Defendants shall serve a copy of such amended answer within 20 days of receipt of a copy of this decision. Plaintiffs shall have the statutory time for further proceedings.