OPINION OF THE COURT
Harold Baer, Jr., J.
Defendant New York City Housing Authority (NYCHA) moves for summary judgment. The motion is granted in part.
*598 NYCHA is the owner of a housing project on 8th Avenue in Manhattan. Defendant engaged third-party defendant S.J.K. Contracting Corp. (SJK) to perform repair work at the site. Plaintiff was employed by SJK. On September 26, 1985, plaintiff was injured while operating a forklift on the job. Plaintiff alleges that defendant was negligent and failed to fulfill its obligation under Labor Law §§ 200 and 241 (6).* Plaintiff’s theory is that the NYCHA failed properly to supervise and control the work being done by SJK.
On the day in question, plaintiff’s supervisor, at SJK, Bob Engel, asked her if she knew how to operate a forklift. She had been hired as a flogger. When told that she did not, Engel gave her instructions for 15 to 20 minutes. She used the forklift for some hours prior to the accident. The forklift was brought to the site on the day of the accident apparently at SJK’s direction. It is, in any case, not asserted that the machine was the property of NYCHA.
The accident occurred as follows. Around 4:30 p.m., Engel told plaintiff what direction she should take to move the forklift and park it. Plaintiff proceeded along a cement path and was about to go onto an asphalt parking area. Plaintiff testified that in attempting to go around a car, she turned the lift’s wheel to the left and tapped the gas, "the wheels slide [sic] down off a curb as it jolted to the left, it must have hit off the curb and slide [sic] down off the curb.” Plaintiff had thought that there was a ramp there and testified that she did not know there was a curb until after the accident. The forklift tipped against a pole, injuring plaintiff’s leg.
Plaintiff did not report to or take directions from anyone at NYCHA. SJK was contractually obligated to provide all labor and equipment for the work. The NYCHA kept an eye on the job but basically only to see that the work was proceeding and check for problems. A NYCHA contract inspector would check to see that the contractor was using the agreed-upon materials for the job and was on the job. The NYCHA superintendent at the project had the responsibility to make sure that the contractor was at work and progressing with the job. The NYCHA had no knowledge of the qualifications of the contractor’s employees. This was left up to SJK.
It is clear that the accident in this case occurred when the wheels slid down off a curb and caused the forklift to tilt. *599 Plaintiffs counsel himself describes the accident in this manner. Plaintiff argues that the NYCHA violated the Labor Law by allowing her to operate the forklift without adequate training. Plaintiff contends that this failure was "the direct and proximate cause of plaintiff’s injuries.”
Labor Law §241 (6) imposes on an owner a duty to use reasonable care to make a construction site reasonably safe. The owner owes this duty even if it does not control the site or the work being done. (Long v Forest-Fehlhaber, 55 NY2d 154 [1982].) The owner is also responsible under section 241 (6) if the accident is caused by defective equipment brought onto the site. (Kollmer v Slater Elec., 122 AD2d 117 [2d Dept 1986].) Section 200 imposes a duty to exercise reasonable care to provide a safe place to work. (Lagzdins v United Welfare Fund-Security Div. Marriott Corp., 77 AD2d 585 [2d Dept 1980].) These two sections codify various common-law standards of negligence. (Long v Forest-Fehlhaber, supra, 55 NY2d, at 160.) The difference between section 200 and section 241 (6) is that the former requires that the owner have exercised control whereas the latter does not. (Lagzdins v United Welfare Fund-Security Div. Marriott Corp., supra, 77 AD2d, at 587-588.)
This case does not involve allegedly defective equipment. As far as section 200 is concerned, the accident was not caused by NYCHA’s having failed to provide plaintiff a safe place to work. Section 200 does not apply when the injury arises out of a defect in the methods of a subcontractor or the negligent acts of the subcontractor occurring as a detail of the subcontractor’s work. An exception to this is a case in which the owner exercises supervision and control over the subcontractor’s activities and has actual or constructive knowledge of the defects alleged. (See my extensive discussion of this subject in Brust v Estee Lauder, index No. 21729/84, Dec. 12, 1990.)
In this case there was no alleged defect in the pathway or the parking area where the accident occurred. Any alleged fault lies in SJK’s having assigned plaintiff to a dangerous task without giving her the necessary training. The training and supervising of the workers was up to SJK. NYCHA did not exercise control thereof and there is no proof of actual notice of plaintiff’s lack of qualifications to be working a forklift. Plaintiff argues that a maintenance man from NY-CHA remarked to her that SJK should not have had her driving the lift because she could get hurt. However, plaintiff testified that this person did not know that plaintiff had had *600 no training on a forklift. Plaintiff drove the machine without incident for some hours. This does not provide a basis for constructive knowledge on the part of NYCHA that plaintiff had not had adequate training. Defendant therefore cannot be liable to plaintiff under section 200.
The situation, however, is different as to section 241 (6). As indicated, control by the owner is not necessary to impose liability on the owner; liability under section 241 (6), in contrast with that under section 200, is vicarious. (See, Lagzdins v United Welfare Fund-Security Div. Marriott Corp., supra; PJI 2:216A, Comment, at 348-349 [1990 Cum Supp].) There have been some proclamations of a different tenor in the past. (E.g., Tilkins v City of Niagara Falls, 52 AD2d 306 [4th Dept 1976]; Petrassi v Estate of Peter A. H. Jackson, Inc., 50 AD2d 768 [1st Dept 1975]; Washington v East 87th & 88th St. Contr. Co., 90 Misc 2d 911 [Civ Ct 1977].) However, Allen v Cloutier Constr. Corp. (44 NY2d 290 [1978]), after examining the various transformations that section 241 went through in 1962 and 1968, concluded that it had been the intent of the Legislature to impose a high duty on owners to see to it that workmen are not injured and that only careful and responsible contractors are employed. As explained in Allen, the rule discussed above as to section 200 and for which defendant argues here was construed to be applicable under section 241 under the 1962 amendment thereto. (44 NY2d, at 299, citing Persichilli v Triborough Bridge & Tunnel Auth., 16 NY2d 136 [1965]; Curtis v State of New York, 23 NY2d 976 [1969], the latter of which is relied upon by NYCHA here.) A 1969 amendment, however, was aimed, the Allen court held, at imposing liability irrespective of control, thereby departing from the approach under section 200 and stemming the evasions by owners and general contractors of the duty the Legislature had wished them to assume. (44 NY2d, at 299-300.)
The duty owed under section 241 (6) is nondelegable. The work may be delegated to contractors, but the owner will remain liable notwithstanding. (Russin v Picciano & Son, 54 NY2d 311 [1981].) The burden may be shifted from an innocent owner by contribution or indemnification. (Allen v Cloutier Constr. Corp., supra, 44 NY2d, at 301; Zalduondo v City of New York, 141 AD2d 816 [2d Dept 1988]; Nagel v Metzger, 103 AD2d 1 [4th Dept 1984]; Monroe v City of New York, 67 AD2d 89 [2d Dept 1979].) Even an improper procedure by a subcontractor can subject an owner to liability. (Mascellino v Buffalo *601 Gen. Hosp., 123 AD2d 507 [4th Dept 1986]; La France v Niagara Mohawk Power Corp., 89 AD2d 757 [3d Dept], appeal dismissed 58 NY2d 747 [1982].)
In view of this, defendant may be liable under section 241 (6).
Plaintiff’s counsel suggests that an issue of fact is presented here because plaintiff at her deposition referred to oil on the ground. Although plaintiff did refer to oil, it is clear that she was merely reporting an observation, not describing that the accident happened because of oil. The accident took place in a manner unrelated to oil or spinning wheels: plaintiff turned the forklift and the wheel went off the curb that she had not seen.
For these reasons, summary judgment must be granted insofar as section 200 is concerned but denied insofar as section 241 (6) is concerned.

 Plaintiffs bill of particulars also cites section 240, but that section is on its face inapplicable to the accident that occurred here.