OPINION OF THE COURT
Fuchsberg, J.
This appeal calls upon us to say whether contributory negligence, as to pre-September, 1975 accidents, or comparative negligence, as to ones occurring since then,[1] is a defense to an action premised on the violation of rules promulgated by the State Board of Standards and Appeals pursuant to subdivision 6 of section 241 of the Labor Law.[2]
*157 The issue arises in the following factual and procedural context: The plaintiff, Ernest A. Long, Jr., an experienced concrete finisher employed by the third-party defendant, Walsh Corbetta Construction Company, was injured at approximately 7:15 a.m. on February 3, 1975 at the construction site of the South Mall of the State Capitol in Albany. The occurrence took place when, while walking on the “pitch black” flooring of a temporary passageway which led to a shack in the area where he was to work, he tripped over an exposed electrical conduit. Long brought suit against the defendant, Forest-Fehlhaber, Joint Venture, the electrical contractor on the job, who, in turn, cross-complained against Walsh Corbetta. The case has now been tried twice.
At the first trial, the Judge sent the case to the jury essentially on the theory that, while Forest-Fehlhaber was at fault in failing to comply with Board of Standards and Appeals rule 23-1.30 (12 NYCRR 23-1.30), which governed illumination of the passageway involved,[3] contributory negligence on the part of the plaintiff could be a Complete defense. Concordantly, the defendant had contended that Long, though he had every reason to expect midconstruction objects to be in his path, knowingly entered the yet unlit path on which he met with his injury some three quarters of an hour before the expected starting time for employees. The general verdict of the jury was for the defendant.[4] But, the Appellate Division, deeming the *158 charge on contributory negligence erroneous, modified, on the law, by reversing so much of the judgment as dismissed the cause of action grounded on a violation of subdivision 6 of section 241 of the Labor Law and dismissed the third-party compllaint and, as to each, ordered a new trial at which the sole liability issues were to be “(1) whether the defendant breached its duty under subdivision 6 of section 241 of the Labor Law ‘to provide reasonable and adequate protection and safety to the persons employed therein’ and (2) if such a breach be found, whether it proximately caused the plaintiff’s injuries” (74 AD2d 167, 172); Justice Staley filed a sole dissent.
It was on this theory, and under a specific instruction that Long’s own negligence would not be a defense, that the second trial ensued. On this occasion, the jury, its specific findings crystallized by special interrogatories submitted to it by the court, found that both defendant Forest-Fehlhaber and third-party defendant Walsh Corbetta had violated subdivision 6 and that, by way of apportionment under Dole v Dow Chem. Co. (30 NY2d 143), each was liable for one half of the damages to which the jury found the plaintiff was entitled.
On the present appeal by Forest-Fehlhaber, taken pursuant to CPLR 5601 (subd [d]) from the final judgment entered after the second trial, the nonfinal order by which the Appellate Division modified the judgment entered after the first trial is now before us for review.[5] For the reasons which follow, we believe this order should be reversed.
We begin our analysis by noting that the Appellate Division, in holding contributory negligence alien to the case, expressly relied on an overliteral interpretation of *159 the single use of the phrase “absolute liability” as it appeared in Allen v Cloutier Constr. Corp. (44 NY2d 290, 300) in a sentence stating that “the 1969 legislation [which amended section 241] fashions absolute liability upon an owner or contractor for a breach of the duties imposed by subdivisions 1 through 6 of section 241 irrespective of their control or supervision of the construction site”. In so construing these words, which, in the context of the Allen opinion, merely were intended to emphasize the nondelegable nature of the duties the newly enacted statute imposed on owners and contractors rather than to upgrade these duties, insufficient stress was laid on the remainder of the text, including, pertinently, the qualifying phrase “irrespective of their control or supervision” in the remainder of the very same sentence in which “absolute liability” appears. Indeed, not only had the immediately preceding sentence expressly referred to owners’ and contractors’ “nondelegable duty”, but the opening paragraph of the opinion defined the sole issue before the court to be “whether an owner or general contractor may be held to answer for the damages * * * absent a showing that they controlled, directed or supervised the work site”. Most decisively, Allen recognized that a violation of an administrative regulation, though promulgated by leave of a statute, is simply some evidence of negligence (Allen v Cloutier Constr. Corp., supra, at p 298).
Moreover, only some months later, in Haimes v New York Tel. Co. (46 NY2d 132, 136), after referring to the Legislature’s intent to place “ ‘ultimate responsibility for safety practices * * * where such responsibility actually belongs, on the owner and general contractor’ (NY Legis Ann, 1969, p 407)”, we stated that “[w]hatever doubt may have remained that it had succeeded in doing so as to section 241 was laid to rest by our recent decision in Allen v Cloutier Constr. Corp.”. In short, the thrust of Allen was that “ultimate responsibility” or “absolute liability” or “nondelegability” of the duty of an owner or general contractor under subdivision 6 of section 241, whatever the niceties of its articulation, was unavoidable only in the sense that it could not be delegated to another rather than, as the majority of the Appellate Division mistakenly as *160 sumed, that the owner or general contractor would not be allowed to raise any defense to the imposition of liability (see Monroe v City of New York, 67 AD2d 89, 103).
This, of course, is reinforced by the principle, long and firmly established in New York, that the violation of a rule of an administrative agency or of an ordinance of a local government, lacking the force and effect of a substantive legislative enactment, is “merely some evidence which the jury may consider on the question of defendant’s negligence” (Teller v Prospect Hgts. Hosp., 280 NY 456, 460). Unlike a violation of the explicit provisions of a statute proper, a breach of an administrative rule, because it does not establish negligence as a matter of law, does not render a plaintiff’s own negligence irrelevant and, therefore, unacceptable as a defense (Conte v Large Scale Dev. Corp., 10 NY2d 20, 29, citing Schumer v Caplin, 241 NY 346, 351).
That the case at bar cannot be regarded as one which arose from a statutory violation is evident. In contrast to the first five subdivisions of section 241, in which the Legislature set out specific safeguards on its own, subdivision 6 does no more than broadly provide that the owner and contractor see to it that the area where the work is to be performed is “so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety”. This language, which does not in terms provide how these ends are to be met, is, like subdivision 1 of section 200 of the Labor Law, but a reiteration of common-law standards (Allen v Cloutier Constr. Corp., supra, at p 299), the implementation of which is left to a subordinate body, the Board of Standards and Appeals. An illustrative contrast is available in section 240 of the Labor Law, a self-executing statute which, containing its own specific safety measures, does not defer to the rule-making authority of the board (Haimes v New York Tel. Co., supra).[6]
*161 In sum, since violation of the administrative rules adopted pursuant to the authorization of subdivision 6 of section 241 of the Labor Law cannot rise to the level of negligence as a matter of law, contributory negligence was, and comparative negligence now is, a defense to an action based on such a dereliction.
For all these reasons, the judgment appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and the case remitted to the Appellate Division for consideration of the facts.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler and Meyer concur; Judge Jones taking no part.
Judgment appealed from and order of the Appellate Division brought up for review reversed, with costs, and case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.

. The effective date of New York’s comparative negligence law was September 1, 1975 (L 1975, ch 69, § 4).

. Subdivision 6 of section 241 of the Labor Law provides:
“Construction, excavation and demolition work. All contractors and owners and their agents, * * * when constructing or demolishing buildings or doing excavating in connection therewith, shall comply with the following requirements:
*157 * * *
“6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The board [of Standards and Appeals] may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work *** shall comply therewith”.

. Rule 23-1.30 reads as follows: “Illumination sufficient for safe working conditions shall be provided wherever persons are required to work or pass in construction, demolition and excavation operations, but in no case shall such illumination be less than 10 foot candles in any area where persons are required to work nor less than five foot candles in any passageway, stairway, landing or similar area where persons are required to pass”.
Also charged to the jury was rule 23-1.7 (e) (12 NYCRR 23-1.7 [e]), which applied to “tripping and other hazards” and “passageways”.

. The case was submitted to the jury under both subdivision 1 of section 200 and subdivision 6 of section 241 of the Labor Law. However, the Appellate Division’s modification was only as to the subdivision 6 of section 241 count. It affirmed the subdivision 1 of section 200 count, this section being merely a codification of the *158 common-law duty to provide a safe place to work (Allen v Cloutier Constr. Corp., 44 NY2d 290, 299), thus bespeaking but a general norm of behavior.

. CPLR 5601 (subd [d]) expressly states that a nonfinal order which is thus sought to be reviewed must be one which “necessarily affects” the final judgment from which the appeal is taken. In the present case, the alleged charge error at the first trial is one which, treating with whether contributory negligence is ever a permissible defense under subdivision 6 of section 241 of the Labor Law, presents an invariable law of the case issue whose determination for the appellant would eliminate a defense, which, as a practical matter, then would not, and should not, need to be reattended to at the new trial. Hence, the prior nonfinal order here may be said to have been one which “necessarily affected” or, as it also has been put, “vitally influenced” the judgment within the compass of CPLR 5601 (subd [d]) (Buffalo Elec. Co. v State of New York, 14 NY2d 453, 458).

. Accordingly, Board of Standards and Appeals rule 23 (Industrial Code No. 23) does not even mention section 240, while section 240, correspondingly, says nothing of the board. On the other hand, subdivision 1 of section 200 states, in so many words, that “[t]he board may make rules to carry into effect the provisions of this section” and subdivisions 2 through 4 of that section place notice and enforcement authority in the hands of the State Industrial Commissioner to that end.