Rose M. Larabee, as Administratrix of the Estate of Earl J. Larabee, Deceased, Respondent, v Triangle Steel, Inc., et al., Appellants. (And Four Other Related Actions.)

Third Department, May 13, 1982

APPEARANCES OF COUNSEL

*Carusone & Carusone* (*Robert J. Muller* of counsel), for John Walsh, appellant.

*Donald D. Gulling, Jr.,* for Triangle Steel, Inc., appellant.

*Earl F. Matte* for respondent.

OPINION OF THE COURT

Mahoney, P. J.

Plaintiff, as administratrix of her husband's estate, commenced a wrongful death action against defendant Triangle Steel, Inc., the general contractor, and John Walsh (doing business as Walsh Steel Service), Triangle's subcontractor, to recover damages as the direct result of her

husband's fall to his death from the roof of a building under construction. Both defendants commenced third-party actions against Clifton Steel Corporation, decedent's employer, and Streeter Associations, Inc., the on-site construction manager. Clifton Steel brought a fourth-party action against Streeter.

Plaintiff moved for an order granting partial summary judgment against both defendants and for an order directing the severance of all third-party and fourth-party actions from the inquest ascertaining plaintiff's damages. Special Term granted plaintiff's motion for partial summary judgment against defendants on the ground that their violations of the duties imposed by subdivision 1 of section 240 and subdivision 6 of section 241 of the Labor Law made them absolutely liable. Special Term denied plaintiff's motion to sever. This appeal by defendants Triangle and Walsh from that portion of the order which granted partial summary judgment against them ensued.

In *Long v Forest-Fehlhaber* (55 NY2d 154, revg 74 AD2d 167), the Court of Appeals, in reversing this court, stated that we rendered an overliteral interpretation of the phrase "absolute liability" as used in *Allen v Cloutier Constr. Corp.* (44 NY2d 290) in imposing liability upon the defendant. *Long* (*supra*, pp 158-159) now instructs that the meaning of the phrase "absolute liability" in *Allen*, when read with the intent of the Legislature to place " 'ultimate responsibility for safety practices * * * where such responsibility actually belongs, on the owner and general contractor' " (*Haimes v New York Tel. Co.*, 46 NY2d 132, 136), is that liability of an owner and general contractor under subdivision 6 of section 241 of the Labor Law, regardless of the phraseology of its articulation, is nondelegable but not absolute, and, therefore, subject to the affirmative defenses of contributory or comparative negligence and assumption of risk. Such a construction is in keeping with the broad provisions of subdivision 6 which, in contrast to the first five subdivisions of section 241, merely provide that the work is to be performed so "as to provide *reasonable and adequate protection and safety*" (emphasis added). Therefore, in view of the defenses raised by defendants in their respective answers, we are constrained to

conclude that Special Term erred in granting partial summary judgment on the alleged violation of subdivision 6 of section 241 of the Labor Law.

Turning to the additional ground for summary relief, a violation by defendants of subdivision 1 of section 240 of the same law, we deem it necessary to our discussion of Special Term's analysis of the effect of this statute on the applicable facts to note that in *Long* (*supra*), as here, the Board of Standards and Appeals enacted regulations for the protection of workers. In *Long,* the Court of Appeals found that violation of such administrative edicts was merely evidence which a jury could consider on the question of defendant's negligence (*supra*, at p 160, citing *Teller v Prospect Hgts. Hosp.*, 280 NY 456, 460) and could not establish negligence as a matter of law, thereby reinforcing its conclusion that the nondelegable duty created by subdivision 6 of section 241 was subject to the defense of defendant's own culpable conduct. In the matter before us for resolution, as that issue narrows to defendants' absolute liability under subdivision 1 of section 240, the Board of Standards and Appeals adopted regulations providing that where, as here,[*] employees are required to work close to the edge of an opening, such employees shall be protected by either a two-inch planking installed not more than one floor or 15 feet beneath the opening, whichever is less, an approved life net installed five feet beneath the opening, or by an approved safety belt with attached lifeline properly secured (12 NYCRR 23-1.7 [b] [1] [iii] [a]-[c]; 23-1.25 [d]).

Yet in *Long* (*supra*), the Court of Appeals employed the violation by defendant of the administrative regulation as evidence supportive of their view that subdivision 6 of section 241 did not create absolute liability on the part of a defendant who violated the terms of the statute, while in *Haimes v New York Tel. Co.* (46 NY2d 132, *supra*), despite a recognition that aside from a violation of the statute itself (Labor Law, § 240, subd 1) the unsecured use of the ladder did not conform with the rules of the Board of Standards and Appeals (12 NYCRR 23-1.21 [b] [4] [iv]),

---

[*] The deceased was required to work on an incomplete roof with hazardous openings.

that court nevertheless concluded that a breach of the duties prescribed by section 240 gives rise to absolute liability on the part of the owner despite the fact that the owner exercised no control or supervision of the work. That the *Haimes* court intended to impose absolute liability as the result of a violation of subdivision 1 of section 240 *as a matter of law* is clearly evident from the fact that it affirmed the granting of summary judgment to plaintiff despite the defendant's answer having pleaded contributory negligence as an affirmative defense. Further evidence that the Court of Appeals perceives a distinct difference between violations of subdivision 6 of section 241 and subdivision 1 of section 240 with respect to the imposition of absolute liability on a violator of the latter and not of the former is the reference by citation to *Haimes* in the *Long* opinion, albeit for another purpose.

In sum, the rationale that distinguishes the results, in terms of liability, that flow from violations of subdivision 1 of section 240 and subdivision 6 of section 241 is that the duties and obligations imposed by section 240, as in subdivisions 1 through 5 in section 241, are specific and definitive and clearly inform an owner or general contractor what he must do to avoid absolute liability in the event that the negligent performance or failure of performance by such entrepreneurs result in injury to a worker. Subdivision 6 of section 241, to the contrary, imposes the duty of care in general terms that permit jural review of the reasonableness and adequateness of the safety measures provided.

Lastly, defendant Walsh's contention that the statutory language "All contractors and owners and their agents" (Labor Law, § 240, subd 1; § 241) does not apply to subcontractors is without merit (*Russin v Picciano & Son,* 54 NY2d 311). Additionally, Walsh's alternative argument that a question of fact exists concerning its authority to supervise and control the deceased's activities is rejected in view of Walsh's contract with defendant Triangle whereby Walsh was delegated the duties of erecting the structural steel and metal roof deck. Walsh was thus properly held to be an "agent" within the meaning of these statutes.

Therefore, while Special Term erred in imposing absolute liability on the ground of a violation of subdivision 6 of section 241, it correctly imposed such liability under subdivision 1 of section 240 of the Labor Law.

The order should be affirmed, with costs.

MAIN, YESAWICH, JR., WEISS and LEVINE, JJ., concur.

Order affirmed, with costs.