## THIRD DEPARTMENT, JULY, 1982

(July 1, 1982)

■ ERNEST A. LONG, JR., Appellant, v FOREST-FEHLHABER, Defendant and Third-Party Plaintiff-Respondent. WALSH CORBETTA CONSTRUCTION COMPANY, Third-Party Defendant-Respondent. — Appeal from a judgment of the Supreme Court, entered May 19, 1978 in Albany County, upon a verdict rendered at Trial Term (Pennock, J.) of no cause of action in favor of defendant and dismissing the complaint and third-party action, upon remittitur by the Court of Appeals. When plaintiff's appeal was first before this court, the judgment appealed from was modified on the law by reversing only so much thereof as dismissed the cause of action which alleged a violation of subdivision 6 of section 241 of the Labor Law and the third-party complaint. A new trial was ordered in regard to this cause of action in which the sole liability issues were stated to be: "(1) whether the defendant breached its duty under subdivision 6 of section 241 of the Labor Law 'to provide reasonable and adequate protection and safety to the persons employed therein' and (2) if such a breach be found, whether it proximately caused the plaintiff's injuries (74 A D 2d 167, 172)." Pursuant to these directions, the retrial court instructed the jury that plaintiff's contributory negligence was not to be considered a defense to this cause of

action as a matter of law. The jury found both defendant and third-party defendant liable for a violation of subdivision 6 of section 241 for failure to provide reasonable and adequate protection and safety to plaintiff workman, and by way of apportionment held defendant and third-party defendant each liable for one half of the damages. On ·direct appeal to the Court of Appeals pursuant to CPLR 5601 (subd [d]) from the judgment entered on this verdict, that court reversed and remitted here in accordance with its opinion (55 NY2d 154) which held that contributory negligence is a complete defense to plaintiff's cause of action under subdivision 6 of section 241 of the Labor Law, since plaintiff's accident occurred prior to September 1, 1975. That holding compels affirmance of the judgment of the Supreme Court entered May 19, 1978, for the record contains sufficient evidence of plaintiff's contributory negligence to sustain such judgment, and the charge of the trial court on that issue was proper, as now determined by the Court of Appeals. The judgment of the Supreme Court entered May 19, 1978 should, therefore, be affirmed. Judgment affirmed, with costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.