■ JAMES H. PHILLIPS et al., Respondents, v FLINTKOTE CO., INC., GLENS FALLS PORTLAND CEMENT DIVISION, Defendant and Third-Party Plaintiff-Appellant. E. G. MAY, INC., Third-Party Defendant-Appellant. — Appeals from an order of the Supreme Court at Special Term (Shea, J.), entered September 18, 1981 in Warren County, which, *inter alia*, (1) granted plaintiffs' motion to strike defendant Flintkote Co., Inc., Glens Falls Portland Cement Division's affirmative defense of comparative negligence, and (2) granted plaintiffs summary judgment on all issues of liability against defendant Flintkote. Plaintiff James Phillips was employed by E. G. May, Inc., an electrical contractor. The latter had contracted to do certain electrical work for defendant. On March 7, 1978, plaintiff James Phillips climbed a ladder in order to take measurements of a cable tray and stepped off the ladder onto the cable tray. While on the cable tray, he reached for a conduit which was being handed to him and fell off, sustaining certain injuries. The complaint alleges that defendant failed to provide scaffolding and other devices so as to give proper protection in violation of section 240 of the Labor Law and also failed to provide reasonable and adequate protection and safety equipment in violation of section 241 of the Labor Law. Special Term struck defendant's defense of comparative negligence and granted plaintiffs judgment against defendant on

all issues of liability. These appeals ensued. We note, at the outset, that plaintiffs now concede, in view of *Long v Forest-Fehlhaber* (55 NY2d 154) that if the record supports only a violation of subdivision 6 of section 241 of the Labor Law, the order must be reversed to the extent that questions exist as to plaintiff James Phillips' comparative negligence. Plaintiffs maintain, however, that as a matter of law a violation of section 240 of the Labor Law was established and, therefore, negligence, if any, on the part of plaintiff James Phillips would not preclude recovery (see *Long v Murnane Assoc.*, 68 AD2d 166, app dsmd 48 NY2d 607; see, also, *Larabee v Triangle Steel*, 86 AD2d 289). Although plaintiffs allege a violation of section 240 of the Labor Law, such in and of itself is not enough to entitle them to summary judgment. In their moving papers, plaintiffs relied almost exclusively on violations of section 241 of the Labor Law and alleged in almost conclusory form a violation of section 240 of the Labor Law. On the present record, questions of fact were raised as to the necessity of scaffolding, the availability of other safety devices, and whether or not the work plaintiff James Phillips was to do on the day in question could have been accomplished by using the ladder rather than actually standing on the cable tray. Plaintiffs were also required to show that the violation of section 240 of the Labor Law was a contributing cause of plaintiff James Phillips' fall (*Duda v Rouse Constr. Corp.*, 32 NY2d 405, 410). In our view, questions of fact precluding summary judgment were presented regarding defendant's liability under section 240 of the Labor Law and the order, therefore, must be modified so as to reverse so much thereof as granted plaintiffs' motion to strike defendant's affirmative defense of comparative negligence and granted plaintiffs summary judgment against defendant on all issues of liability (see *Struble v John Arborio, Inc.*, 74 AD2d 55). Order modified, on the law, by reversing so much thereof as granted plaintiffs' motion to strike defendant's affirmative defense of comparative negligence and granted plaintiffs summary judgment against defendant on all issues of liability, and, as so modified, affirmed, with one bill of costs to defendant and third-party defendant. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.