■ JAMES LEAHEY et al., Respondents, v TURNER CONSTRUCTION COMPANY et al., Respondents-Appellants. TURNER CONSTRUCTION COMPANY, Third-Party Plaintiff-Respondent-Appellant, v GERALD LOLLO & SONS, INC., Third-Party Defendant-Appellant. — Judgment, Supreme Court, Bronx County (Mercorella, J.), entered May 20, 1981, which, after a jury verdict, awarded the plaintiff James Leahey $151,609 in damages, is unanimously reversed, on the law and the facts, and the case is remanded for a new trial, with costs to abide the event. In 1974, the Otis Elevator Company (Otis) hired the Turner Construction Company (Turner) as the general contractor to erect a warehouse in Yonkers, New York. Gerald Lollo & Sons, Inc. (Lollo), was one of Turner's subcontractors. Lollo was responsible for concrete forming, wire lathing and pouring concrete for foundation footings. Plaintiff James Leahey was employed by Lollo as a wire lather. Turner installed a cyclone fence around the construction site so that the area could be kept separate from surrounding buildings and free from debris. Near this fence Lollo had put up a "shanty" for the convenience of its workers so that they could change clothes and pick up their tools before going to their job assignments. A passageway outside of this "shanty" was used by Lollo workers to go to the work areas. The plaintiff regularly used this "shanty" and passageway. Protruding onto a portion of the passageway was a roll of wire from the cyclone fence. In order for anyone using the passageway to avoid this obstacle they had to squeeze by it. Complaints had been made about its presence but nothing had been done to remove it. As plaintiff left the "shanty" on the morning of the accident to go to work, he caught his left foot in this wire and he twisted his knee. In his testimony plaintiff conceded that he knew the wire was there but he had forgotten about it and did not recall its being there until it was too late. Thereafter, plaintiff sued Turner and Otis; and in turn Turner brought a third-party action against Lollo. Before the case went to the jury, the three defendants, Otis, Turner and Lollo, made timely requests that the trial court instruct the jury on the defense

of contributory negligence in connection with his instruction on subdivision 6 of section 241 of the Labor Law. In pertinent part, this statute reads: "§ 241. Construction, excavation and demolition work. All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements * * * 6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places". The trial court denied the requests on the basis that in his view this provision imposed strict liability on the defendants and the question of contributory negligence was not a factor to be considered in determining their fault. In fact the trial court instructed defense counsel "not to talk to the jury about the issues of contributory negligence." Thus, the jury was instructed by the trial court that: "No negligence is charged. If there is any liability in this case, it is a result of a violation of an absolute statutory duty. Under the statute of the Labor Law upon which this suit is based, to which I have referred, you will find — if you find that there was a breach of duty, then the defendants may not defend on the ground that the plaintiff was also negligent, not seeing the roll of wire on the ground, or that the plaintiff assumed the risk of being there. So that the question of negligence on the part of the plaintiff by act or omission or fault is not, I repeat, is not in this case". All of the defendants took timely exception to this instruction. We find as a matter of law that the trial court erred. Contributory negligence is a defense to the statute in issue (see *Long v Forest-Fehlhaber,* 55 NY2d 154). Concur — Ross, J. P., Asch, Silverman, Bloom and Fein, JJ.