■ KENNETH L. ENGEL, SR., Respondent, v WILLIAM NEDWIDEK, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered March 30, 1982 in Ulster County, which granted plaintiff's motion for partial summary judgment. Prior to the amendment of subdivision 1 of section 240 of the Labor Law exempting owners of one- and two-family dwellings who

do not control the work (L 1980, ch 670, § 1), plaintiff was hired by defendant to install vinyl siding and to repair a stone chimney in defendant's home. The work was performed with the aid of a "pump jack scaffold" 10 or 12 feet high, that plaintiff himself supplied. When in the course of the work it became necessary to increase the height of the scaffold, plaintiff borrowed some two by fours from defendant and told defendant that the boards were to be used to extend the scaffold vertically. On October 4, 1977, while plaintiff was dismantling the scaffold and in the process of handing a floor board thereof to his son who was standing on an adjacent ladder, the extension to the upright, which had been erected with defendant's two by fours, broke, causing plaintiff to fall 15 to 18 feet to the ground. Plaintiff's action for the injuries he sustained alleged violations of sections 200, 240 and 241 of the Labor Law. After issue was joined, plaintiff moved for partial summary judgment and Special Term granted his requested relief in regard to the cause of action alleging a violation of subdivision 1 of section 240 of the Labor Law. This appeal is from that order. At the time of the accident subdivision 1 of section 240 of the Labor Law relevantly provided that "[a]ll contractors and owners and their agents, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding * * * which shall be so constructed, placed and operated as to give proper protection to a person so employed." Since it is undisputed herein that the failure of the scaffolding was the proximate cause of plaintiff's accident, it follows that subdivision 1 of section 240 of the Labor Law was violated. A violation of that section imposes absolute liability on an owner without regard to contributory fault (*Haimes v New York Tel. Co.*, 46 NY2d 132; *Horning v Gore*, 87 AD2d 34, 35-36, mot for lv to app den 57 NY2d 604; *Larabee v Triangle Steel*, 86 AD2d 289; *Pereira v Herman Constr. Co.*, 74 AD2d 531, 532-535 [concurring opns]). Therefore, Special Term correctly granted plaintiff's motion for partial summary judgment and its order should be affirmed. Order affirmed, with costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.