■ ROGER C. RYAN, Appellant, v DENNIS CENCI et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered November 3, 1982 in Saratoga County, which denied plaintiff's motion for summary judgment. The underlying action is one to recover for alleged personal injuries sustained on January 5, 1979 by plaintiff, an independent contractor, who contracted with defendants, owners of real property, to install aluminum siding on their house which was being constructed. Liability is based on alleged violations of sections 200, 240 and 241 of the Labor Law. Initially, we note that at the time of the accident section 240 of the Labor Law had not been amended to exclude owners of one- or two-family houses (see L 1980, ch 670, § 1). The record reveals that plaintiff supplied his own scaffolding and used pump jack scaffolding, a type he had used on similar jobs for a period of 10 years. This scaffolding consisted of two 10-inch by 2-inch planks, 16 feet long, which rested upon pump jacks and overlapped. The planks were unsecured and unbolted. There were no railings or restraining ropes attached to the scaffolding. Plaintiff contends that the platform of the scaffolding was covered in spots with a thin film of ice; that it was some 24 to 25 feet in the air; and that the planks slid in a lengthwise direction while plaintiff was standing on them. Plaintiff fell to the ground and fractured his left hip. Plaintiff's motion for summary judgment grounded on violations of the various sections of the Labor Law was denied by Special Term based on the conclusion that issues of fact exist as to the violation of section 240 of the Labor Law and the proximate cause of the accident. This appeal ensued. Plaintiff urges that violations of subdivision 6 of section 241 and section 240 of the Labor Law impose absolute

liability on defendants. Plaintiff's comparative negligence, however, is a defense to an action based on a violation of subdivision 6 of section 241 of the Labor Law (*Long v Forest-Fehlhaber,* 55 NY2d 154). Since questions of fact exist as to plaintiff's comparative negligence, plaintiff's success on this summary judgment motion must hinge upon the alleged violation of section 240 of the Labor Law. In order to maintain an action based upon a violation of section 240 of the Labor Law, plaintiff must prove that the statute was violated and that such violation was the proximate cause of plaintiff's damages (*Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361). While plaintiff has alleged a violation of subdivision 2 of section 240 of the Labor Law, that subdivision is concerned with scaffolding more than 20 feet from the ground. On the instant record, a serious question is presented as to whether the scaffolding in question met this height requirement and, therefore, summary judgment based on a violation of this subdivision was properly denied. Questions of fact were presented concerning the alleged violation of subdivision 1 of section 240 of the Labor Law and plaintiff's opinion and the conclusory statements of plaintiff's counsel indicating violations of the statute are insufficient. Factual issues regarding the proximate cause of the accident were also presented. Considering the record in its entirety, we are of the opinion that summary judgment was properly denied by Special Term (see *Phillips v Flintkote Co., Glens Falls Portland Cement Div.,* 89 AD2d 724). Accordingly, the order must be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.