■ CHARLES T. ZIMMER, JR., Appellant, v CHEMUNG COUNTY PERFORMING ARTS, INC., Respondent, and ELCON CONTRACTORS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. MAC-DAN ERECTORS, INC., Third-Party Defendant-Respondent. — Appeal (1) from a judgment of the Supreme Court in favor of defendants, entered July 20, 1983 in Tioga County, upon a verdict rendered at Trial Term (Fischer, J.), and (2) from an order of said court, entered July 22, 1983 in Tioga County, which denied plaintiff's motion to set aside the verdict. ¶ Plaintiff, a steel worker, was injured on February 18, 1977 while erecting the steel skeleton for an addition to the Samuel L. Clemens Performing Arts Center (PAC) in the City of Elmira. The accident occurred near the beginning stages of the work, while plaintiff was attempting to connect a horizontal beam to a vertical column. His duties as a "connector" required him, preliminarily, to assemble the beams and columns which would then be straightened or "plumbed" prior to being bolted together more securely. Accordingly, it was necessary for plaintiff to scale the vertical columns, some 31 feet in the air, to reach a position to direct the crane operator in raising the horizontal beam so that he could insert the initial bolts which would connect the steel members. On the day of his injury, plaintiff had climbed up the inside of a vertical column, the method most often used by connectors, and was waiting for the crane to lift up the steel beam he was to connect. As he reached over the top of the column, he lost his grip and fell 30 feet, first striking an outside beam and then landing in an excavation outside of the perimeter of the structure, fracturing two vertebrae and suffering other painful lacerations to his hip and buttocks. A ladder was available for plaintiff's use, but he had apparently declined an offer to use it on this occasion. ¶ This action is brought against the reputed owner and general contractors, and also contains third-party actions against other contractors and suppliers. Plaintiff's cause of action is limited to a claim for damages as a result of violations of the provisions of subdivision 1 of section 240 and subdivision 4 of

section 241 of the Labor Law. There is no allegation of common-law negligence. It is plaintiff's contention that he was entitled to a directed verdict at the close of the evidence because of a lack of a triable issue of fact, since defendants failed to offer any proof that they had provided safety devices at the construction site which would give proper protection to plaintiff, as required by the provisions of the statutes. ¶ Subdivision 1 of section 240 of the Labor Law provides: "All contractors and owners and their agents * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." ¶ Section 241 of the Labor Law, in applicable part, provides: ¶ "All contractors and owners and their agents * * * when constructing * * * buildings * * * shall comply with the following requirements: * * * ¶ "4. If the floor beams are of iron or steel, the entire tier of iron or steel beams on which the structural iron or steel work is being erected shall be thoroughly planked over, except spaces reasonably required for proper construction of the iron or steel work, for raising or lowering of materials or for stairways and elevator shafts designated by the plans and specifications." ¶ A violation of these statutory provisions imposes absolute liability upon an owner and general contractor when injuries occur to a worker as a result of their breach (*Long v Forest-Fehlhaber*, 55 NY2d 154, 159-160; *Engel v Nedwidek*, 91 AD2d 794; *Larabee v Triangle Steel*, 86 AD2d 289). To impose such liability, the threshold determination must be a finding of applicability and violation of the statutory mandate, and if found, it must further be found that such violation was the proximate cause of plaintiff's damages (*Smith v Hooker Chems. & Plastics Corp.*, 89 AD2d 361, 363, app dsmd 58 NY2d 824). Here the trial court submitted these issues to the jury as questions of fact to be determined by them. Since there was conflicting expert opinion as to what safety devices should be used during the very early stages of this construction, we view the procedure adopted by Trial Term to be correct (*Ryan v Cenci*, 95 AD2d 963; *Glielmi v Toys "R" Us*, 94 AD2d 663, affd 62 NY2d 664; *Bland v Manocherian*, 93 AD2d 689; *Phillips v Flintkote Co.*, 89 AD2d 724; *Struble v John Arborio, Inc.*, 74 AD2d 55, 57). Moreover, evidence of the presence of ladders at the scene of construction is uncontradicted, and if plaintiff elected not to avail himself of their use, there is no requirement that such use be compelled (*Smith v Hooker Chems. & Plastics Corp., supra,* p 366). Additionally, there was evidence supporting the unfeasibility, and in some circumstances the dangers, of using the safety devices contemplated by both statutes. ¶ Finally, we find no error in the charge of the trial court to the jury in identifying subdivision 1 of section 240 of the Labor Law as a "general" statute, particularly in the absence of any exception to the language of the charge. Nor was the failure to instruct the jury on applicable rules and regulations issued by the Board of Standards and Appeals an error, since the action was based exclusively upon a violation of the statutes set forth above and the presence or absence of negligence was not an issue (*Long v Forest-Fehlhaber, supra,* p 160; *Bland v Manocherian, supra,* p 693; *Larabee v Triangle Steel, supra*). ¶ Judgment and order affirmed, with one bill of costs. Kane, J. P., Main, Yesawich, Jr., and Harvey, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Subdivision 1 of section 240 of the Labor Law is mandatory in nature and imposes absolute liability on the owner and general contractor for injuries arising from its breach (*Larabee v Triangle Steel*, 86 AD2d 289). The purpose of the statute is to afford protection to workers by imposing on the owner and general contractor a nondelegable duty

to provide a safe place to work (Sponsor's Memorandum, NY Legis Ann, 1969, p 407). ¶ Plaintiff was provided with no safety device which would protect him from falling or prevent him from incurring injury. He was told to "ride the ball or get a ladder". Plaintiff shimmied up the vertical beam, as was usually done by connectors in the trade, and fell as he attempted to pull himself onto the horizontal beam so as to connect the two. Although plaintiff fell because he lost his grip on the beam, the failure to provide a protective device was causative of his injury. In such circumstances, judgment should have been granted plaintiff under section 240 (*Brant v Republic Steel Corp.*, 91 AD2d 841, app dsmd 59 NY2d 761). ¶ If the state of the building art is such that no devices have yet been devised to protect workers operating at such heights in dangerous work, it is illogical to conclude, given the purpose of the statute, that the responsibility of owners and contractors is then negated. Rather, it follows that the absence of any safety devices entitles plaintiff to judgment for any injuries proximately caused by a violation of the statute (*Kenny v Fuller Co.*, 87 AD2d 183, 190, mot for lv to app den 58 NY2d 603).