■ CYRIL McGRATH, Respondent, v BARANELLO & SONS, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant, and ESPOSITO CONCRETE COMPANY, INC., Respondent. UNIT BUILDERS INC., Third-Party Defendant-Appellant-Respondent; DREIER STRUCTURAL STEEL COMPANY, INC., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant. — In an action to recover damages for personal injuries, third-party defendant Unit Builders, Inc., appeals, as limited by its brief, and defendant and third-party plaintiff Baranello & Sons, Inc., and third-party defendant Dreier Structural Steel Company, Inc., cross-appeal, as limited by their briefs, from so much of a corrected amended judgment of the Supreme Court, Kings County (Mirabile, J.), entered October 31, 1983, as found defendant Baranello & Sons, Inc., liable to plaintiff in the principal sum of $790,000, adjudged third-party defendants Dreier Structural Steel Company, Inc., and Unit Builders, Inc., liable to indemnify Baranello & Sons, Inc., and adjudged Unit Builders, Inc., liable to indemnify Dreier Structural Steel Company.

Corrected amended judgment modified, on the facts, by deleting the first decretal paragraph and all references to the sum of

$793,684.95. As so modified, corrected amended judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to Trial Term for a new trial solely on the issue of damages, unless within 20 days after service upon plaintiff of a copy of the order to be made hereon, together with notice of entry, he shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the judgment in his favor to the principal sum of $250,000 and to the entry of an amended judgment accordingly. In the event that plaintiff so stipulates, then the corrected amended judgment, as so reduced and further amended, is affirmed, insofar as appealed from, without costs or disbursements.

Based upon our review of the record, we have determined that the award was excessive to the extent indicated.

However, the court did not err in directing a verdict in favor of plaintiff on the issue of liability. There was no evidence that defendant Baranello & Sons, Inc., supplied plaintiff with any safety equipment. Its failure to do so renders it absolutely liable to plaintiff pursuant to subdivision 1 of section 240 of the Labor Law for resulting injuries (*Kalofonos v State of New York,* 104 AD2d 75). The fact that there was a ladder in the vicinity does not require any different result because there was no evidence that the ladder was available for plaintiff's use, or that it could have been positioned at the particular section being worked on so as to give plaintiff proper protection while he was working (see Labor Law, § 240, subd 1; cf. *Zimmer v Chemung County Performing Arts,* 102 AD2d 993).

The record also demonstrates ample grounds for finding third-party defendant Unit Builders liable to indemnify Dreier Structural Steel Company, Inc., and Baranello & Sons, Inc. In addition to the indemnification agreement among the parties, common-law principles of indemnity provide a basis for such a result. Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.