Kaye, J.
(dissenting). In this case, a car braked to avoid hitting a dog that had run into the street, and the car hit a child on a bicycle, injuring the child. The issue is whether the *1011 dog’s presence in the street gave rise to a presumption of negligence on the part of the dog’s owner. To put the question even more precisely, does the presumption of negligence that already exists when certain animals are present in a road, include dogs? I believe it does.
That the dog caused the accident is not disputed; what is uncertain is how he came to be free. The dog just prior to the accident was on an enclosed porch with a latched aluminum door, but it is unknown whether he released himself or was released. Once the dog was free, his owner attempted to recapture him, but he ran into the street, causing the accident.
The majority at the Appellate Division noted the common-law rule in New York that certain domestic animals, by their nature, require constant attention and are not left to roam unrestrained, so that when they are found unattended, owner neglect may be inferred. However, that court concluded that the common-law presumption does not apply to dogs, adopting language from a treatise which states that a "dog, unless vicious, has a right in the highway, and presumably, absent evidence of negligence, the dog’s owner cannot be charged with liability for injury caused [merely] by its presence therein” (3 NY Jur 2d, Animals, § 48, at 625-626).
The proposition that dogs have a right in the highway in the community of Clifton Park (where this accident occurred) must be weighed against the fact that Clifton Park has adopted an ordinance "to restrain the running at large of dogs in the Town of Clifton Park, and generally regulating dog owners’ responsibilities.” That ordinance prohibits dog owners from permitting their dogs to be "at large,” which is defined as being "on property open to the public” and is thus clearly applicable to public roadways. The "purpose” section of the ordinance states that the town "finds that the running at large and other uncontrolled behavior of dogs has caused physical harm to persons, damage to property and created nuisances within the Town” and that the purpose of the ordinance "is to protect the health, safety and well-being of persons and property.” Thus, the ordinance is clearly aimed at the very type of accident that occurred here. That current statement of public policy on the question is surely entitled to some recognition by the courts (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 522; Long v Forest-Fehlhaber, 55 NY2d 154, 160), yet none is given.
*1012 Clifton Park is not the only community in this State that has an ordinance restricting dogs from running at large. Such ordinances are sufficiently common that a State law of general applicability authorizes the seizure of dogs found to be in violation of such laws (Agriculture and Markets Law § 118 [2]). Such laws suggest that, whatever may have been the expectation in an earlier, more agricultural age, it is no longer expected that dogs will roam the highways of this State at will.
Respondent urges us to adopt the principle that "[t]he amount of care that the keeper of a domestic animal is required to exercise in its custody is commensurate with the character of the animal” (Restatement [Second] of Torts § 518, comment f, at 31 [1977 ed]), as well as the Restatement’s assessment of canine character: "Although it is not impossible to confine dogs to the premises of their keepers or to keep them under leash when taken into a public place, they have been traditionally regarded as unlikely to do substantial harm if allowed to run at large, so that their keepers are not required to keep them under constant control” (Restatement [Second] of Torts § 518, comment j, at 32 [1977 ed]). While I fully agree that it is appropriate to look at the character of a class of animals in determining what amount of care must be devoted to their custody, the current New York statutes indicate that we have parted company with the traditional regard reflected in the Restatement.
Respondent argues that if a presumption of negligence is extended to owners of unrestrained dogs, a similar presumption will have to be extended to owners of free-ranging "cats, bees, pigeons, and similar birds, hamsters, rabbits and fish.” An answer to that absurd proposition is that there is no comparable State or local law for restraining these other animals, and thus no reason to reject the supposition that they are expected to roam free.
Finally, respondent contends that even if a presumption of negligence is found to exist, he has overcome it by showing that the dog was well behaved, had never before escaped from the porch, and had never been allowed to roam freely. That may well be so, but those factual issues are for a jury’s determination, not disposition by summary judgment (Ugarriza v Schmieder, 46 NY2d 471, 474).
Accordingly, I would reinstate the negligence cause of action.
*1013 Order affirmed, etc.