■ JAMES SELJA, Respondent, v AMERICAN HOME PRODUCTS CORPORATION et al., Appellants. (And a Third-Party Action.) [763 NYS2d 570] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered July 22, 2002, which granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs or disbursements, and the motion denied.

Plaintiff, an apprentice carpenter employed by nonparty Harris Environmental Systems, which was retained to construct a walk-in freezer in a building owned by defendants American Home Products Corporation and American Cyanamid Company, was assigned to install strapping to support a suspended ceiling. Plaintiff, using a 10-foot, fiberglass A-frame ladder, "[d]rilled holes to hold the strapping up in place." He did not notice any problem with the ladder, either on that occasion or a day later, when the accident occurred. He had, within a week of the accident, complained to a safety supervisor that "[i]t was too hot" but received no response.

On the day in question, July 1, 1999, plaintiff "was hanging uni-strap and going up and down the ladder, putting it up, tightening all the bolts." After finishing one section, as plaintiff was descending the ladder in order to move it, his right foot slipped on the third step due, he claims, to moisture "[f]rom sweat, humidity." As plaintiff's right foot slipped and hit the floor, his body twisted to the left and his left foot also landed on the floor. After both feet were on the ground, plaintiff "stepped back and [he] fell over a dolly" that was being used to bring material alongside the ladder. Plaintiff fell onto the material, which was piled about a foot above the floor.

Plaintiff moved for summary judgment as to liability based

on defendants' failure "to furnish, or cause to be furnished, a properly constructed, supported and braced ladder for plaintiff to perform his occupational duties." In opposition, defendants argued that there was a question of fact as to proximate cause. Plaintiff replied that he was entitled to summary judgment "because [he] fell from the ladder, and there were no adequate safety devices provided to protect [him] from being injured after he had fallen." Supreme Court granted the motion, holding that the failure to secure a ladder "against slippage of any means whatsoever" renders defendants "absolutely liable." We reverse.

The facts here are readily distinguishable from those cases, relied upon by Supreme Court, in which a ladder was inadequately secured and collapsed or slipped as a result (*see e.g. Dasilva v A.J. Contr. Co.*, 262 AD2d 214 [1999]; *Urrea v Sedgwick Ave. Assoc.*, 191 AD2d 319 [1993]). Here, plaintiff merely surmises that moisture either on the third step or on the sole of his boot caused him to slip. Furthermore, it is not at all clear that plaintiff's injury was even caused by his sudden fall off the ladder. It was only when plaintiff stepped backwards after reaching ground level that he fell over the dolly and injured himself. Thus, the facts can be construed to support the conclusion that the ladder served its purpose in protecting plaintiff while he worked at an elevated height and that his injury was the result of the "usual and ordinary dangers of a construction site" (*Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843 [1994]).

Proximate cause is generally a question for resolution by the trier of fact (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 312 [1980]). Plaintiff is "required to show that the violation of section 240 of the Labor Law was a contributing cause of" plaintiff's accident (*Phillips v Flintkote Co.*, 89 AD2d 724, 725 [1982]). If the evidence suggests that the injury was caused by some cause other than defendants' violation of the Labor Law, a fact issue is presented (*see e.g. Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998]). Ultimately, assuming the ladder failed in its purpose to secure plaintiff, liability in this case will turn on whether the slip from the ladder was a separate and distinct act from the act of stepping backwards and falling over the dolly. In the circumstances presented, summary judgment should have been denied. Concur—Nardelli, J.P., Tom, Andrias, Sullivan and Friedman, JJ.